

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| LAMAR DEWEY IRVIN, | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 2:15-1973-MGL |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| Defendant. | § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying his claim for Disability Insurance Benefits (DIB). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendant's final decision denying Plaintiff's claim for DIB be affirmed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 1, 2016, and Plaintiff filed his objections on August 18, 2016. The Court has reviewed Plaintiff's objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed his application for DIB on April 18, 2012. According to Plaintiff, he is disabled due left knee vascular anatomy, eye problems, rheumatoid arthritis, and herniated discs in his spine. He contends that his disability commenced on May 1, 2009. Defendant denied Plaintiff's application initially and upon reconsideration. He then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on January 15, 2014. On June 20, 2014, the ALJ issued a decision holding Plaintiff was not disabled prior to December 20, 2013 but "became disabled on that date and has continued to be disabled through the date of this decision." A.R. 40. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. Plaintiff then filed an action for judicial review with this Court on May 11, 2015.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As

2

provided above, however, the Court need not–and will not–address any of Plaintiff's arguments that fail to point the Court to alleged specific errors that the Magistrate Judge made in the Report.

It is Plaintiff's duty to both produce evidence and prove that he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, we must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Likewise, when considering a Social Security disability claim, it is not the province of this Court to "reweigh conflicting evidence . . . or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted) (alteration omitted). The Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).    Plaintiff raises two specific objections to the Magistrate Judge's Report. First, Plaintiff argues the Magistrate Judge erred in suggesting the ALJ properly weighed the medical opinion evidence from Plaintiff's treating orthopedic surgeon, Dr. Hector Gutierrez. Objections 2. The Court is unpersuaded.

When evaluating medical opinions, the ALJ should consider "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson*, 434 F.3d at 654. An ALJ, however, "may

choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence." *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up "specious inconsistencies," *Scivally v. Sullivan*, 966 F.2d 1070, 1077 (7th Cir. 1992), or has failed to give a sufficient reason for the weight afforded a particular opinion, *see* 20 C.F.R. § 404.1527(d) (1998). Courts are not always required to give a treating physician's testimony "controlling weight." *Hunter*, 993 F.2d at 35.

According to 20 C.F.R. §§ 404.1527(d)(2) & 416.927(d)(2), a treating source's opinion on issues of the nature and severity of the impairments will be given controlling weight when well supported by medically acceptable clinical and laboratory diagnostic techniques and when the opinion is consistent with the other substantial evidence in the record. Conversely, however, it follows that "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v, Chater*, 76 F.3d 585, 590 (4th Cir. 1996).

Of course, a medical expert's opinion as to whether one is disabled is not dispositive; opinions as to disability are reserved for the ALJ and for the ALJ alone. *See* 20 C.F.R. § 404.1527(e)(1) (1998). Generally, the more the medical source presents relevant evidence to support his opinion, and the better that he explains it, the more weight his opinion is given. *See* 20 C.F.R. § 404.1527(d)(3) (1998). Additionally, the more consistent the opinion is with the record as a whole, the more weight the ALJ will give to it. *See* 20 C.F.R. § 404.1527(d)(4) (1998).

In Plaintiff's objections, he essentially makes the same arguments to this Court he made to the Magistrate Judge. She went into exhaustive detail explaining her reasons for rejecting them. This Court finds Plaintiff's contentions to be without merit on the same bases. Suffice it to say that it is the duty of the ALJ to consider the entire record when making a determination as to the weight to assign to evidence that is not in accord. And, from the Court's careful review of the record, it

4

appears that is exactly what he did.

As it turns out, however, in doing so, the ALJ gave more weight to the evidence that Plaintiff was not disabled than he did to the evidence that he was. And, that was his prerogative.

The Courts's review of the ALJ's decision is extremely limited. As long as there is substantial evidence to support the ALJ's decision and it contains no legal error, the Court is left with no choice but to affirm the ALJ's determination. As already noted, this is true even when there exists evidence to support an opposite conclusion as well as when the Court disagrees with the ALJ's decision. Consequently, the Court will overrule this objection.

Second, Plaintiff argues that the Magistrate Judge erred in recommending to this Court that the ALJ made a proper credibility analysis as to Plaintiff. Objections 11. The Court is unable to agree.

Here, Plaintiff does nothing more than generally reargue what the Magistrate Judge has already considered and rejected. The Court comes to the same conclusion that the Magistrate Judge and the ALJ did:

> After careful consideration of the evidence, the undersigned finds that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible prior to December 20, 2013, for the reasons explained in [the ALJ's] decision.

Report 12 (quoting A.R. 38). The ALJ details those reasons earlier in his decision:

> At the hearing, [Plaintiff] testified that he moved to California in June 2010. He currently lives in Mexico and has lived there since April 2012. He travels to Del Rio Texas once a week to check his mail. He is able to drive and he has a driver's license. He drives a car. He also reported herniated discs that cause pain to his back that radiated to his legs in 2008. [Plaintiff] testified that Dr. Hardy prescribed him a cane after left knee surgery; however the medical evidence does not support [Plaintiff's] allegations of using a cane for ambulation. [Plaintiff] reported he was unable to lift more than five pounds which is also inconsistent with the objective medical evidence of record. In fact, the medical evidence shows [Plaintiff] works out at the gym and

> report[ed] knee pain after performing leg presses. [Plaintiff] reported elevating his legs higher than his heart when swollen which is not supported in the objective medical evidence of record. [Plaintiff] reported his current medications stable his symptoms but he continues to experience problems with concentration due to pain.
>
> [Plaintiff's] activities of daily living are consistent with the residual functional capacity found herein. At the hearing, [Plaintiff] reported he was able to cloth[e] himself and washes dishes. He walks as much as he can where he lives. He watches television and watches children. He washes his clothes and makes his bed. He reported performing light housework. He visited his friend in California in 2012.
>
> Upon application, [he] reported his ability to work was limited due to left knee vascular anatomy, eye problems, rheumatoid arthritis, and three herniated discs. However, the longitudinal objective medical evidence of record does not support [Plaintiff's] allegations from May 1, 2009 through December 19, 2013. From May 1, 2009 through December 19, 2013, [Plaintiff's] severe impairments caused some work related limitations but not to the extent as to preclude all work activity or limit him to less than a wide range of light work. The documentary evidence of record reveals x-ray of the lumbar spine dated August 6, 2009 revealed degenerative disc disease at L2-3 and L4-5 with mild to moderate spinal stenosis at L4-5 and mild degenerative disc disease at L5-L1. [Plaintiff] presented at Inglewood Medical Center on June 10, 2011 for complaints of polyp and physical exam showed musculoskeletal with normal range of motion. Neurologically, he was alert and oriented to person, place, and time. He had normal motor skills, normal sensation, normal reflexes, and intact cranial nerves. He showed normal gait and Osbourne Blake, M.D. assessed [Plaintiff] with polyp colon and optic neuritis. On November 4, 2011, follow-up exam revealed [Plaintiff] as a 60-year-old male with seven-year history of recurrent anal fissure. [Plaintiff] reported complete resolution of anal pain and rectal bleeding.

Report 12-13 (quoting A.R. 34) (citations omitted).

The ALJ is well within his bounds to disregard Plaintiff's testimony to the extent it is inconsistent with the objective medical evidence in the record. *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir.1994) (noting that the "only fair manner to weigh a subjective complaint is to examine how pain affects the routine of life"). The ALJ's responsibility is to "make credibility determinations—and therefore sometimes must make negative determinations—about allegations

of pain or other nonexertional disabilities." *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir.1985). Declining to substitute its judgment for that of the ALJ in making credibility determinations, the Court finds substantial evidence in the record supports the ALJ's credibility assessment and reasoning. Therefore, the Court will overrule this objection as well.

In sum, the Court holds that there is substantial evidence to support the ALJ's conclusion that Plaintiff was not disabled under the Act during the relevant time period and that the ALJ's decision is free from reversible legal error. Further, the determination is reasonable.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claims for DIB is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 31st day of August, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE